GREAT SOUTHERN FRATERNAL UNION *v.* EWING.

Opinion delivered December 3, 1928.

*Frank B. Pittard* and *John H. Quidor,* for appellant.
*Philip McNemer,* for appellee.

HUMPHREYS, J. This suit was instituted by appellees against appellant, in the Third Division of the Pulaski Circuit Court, to recover $300 upon a life insurance policy issued by appellant to their father, who died on November 24, 1925. in which they were named as beneficiaries.

Appellant filed an answer to the complaint, interposing the defense that appellees' father, the insured, committed suicide, which was an excepted risk under the terms of the policy.

The cause, by agreement, was submitted to the trial court sitting as a jury, resulting in a verdict and consequent judgment against appellant, from which is this appeal.

Appellant's sole contention for a reversal of the judgment is that the undisputed testimony, and the only reasonable inferences that might be drawn therefrom, overcame the presumption that the law indulges against a person taking his life with his own hands. The rule of presumption against suicide was succinctly stated in the case of *Grand Lodge of A. O. U. W.* v. *Bannister*, 80 Ark. 190, 96 S. W. 742, in the following language:

"In the first place, there is a presumption against suicide or death by any other unlawful act, and this presumption arises even where it is shown by proof that death was self-inflicted; it is presumed to have been accidental, until the contrary is made to appear. This rule is founded upon the natural human instinct or inclination of self-preservation, which renders self-destruction an improbability with a rational being."

The record reflects, according to the undisputed testimony, that Lem Briggs, the insured, was living with his daughter, the appellee, and that during her absence, not to exceed ten minutes, her father was shot in the abdomen. Appellee had left her father alone in the house, and gone for a few minutes to the home of her mother-in-law, who lived a block away. Upon her return she found her father, who had been shot, in a semi-conscious condition, sitting in a rocking-chair, with his eyes partially shut. There was a burnt place in his clothing where the bullet had entered his body on the left side. Appellee tried to talk to him, but he made no statement to her then, nor afterwards in the hospital where he was taken for treatment, and where he died. No pistol or gun was found in the house where the insured was shot. Appellee met no one coming from the house as she returned after her short visit to her mother-in-law.

R. F. Montague, who resided near appellee at the time her father was shot, testified that he went over to

her home to offer his assistance, and heard an old woman by the name of Ewing talking to the insured, and heard him say to her, ''I did it myself.''

The record reflects that appellee stated to several parties that her father committed suicide, but she denied making the statements, so this issue of fact was not undisputed.

The undisputed facts detailed above are insufficient to overcome the presumption of law against suicide. The rule relative to the presumption against suicide announced by this court plainly states that such presumption cannot be overcome by simply showing that the death of an insured was self-inflicted. The shot may have been an accidental one, and the presumption is that it was, unless shown that it was purposely fired. If the language used by the insured to the Ewing woman had reference to the wound, the statement failed to disclose whether he fired the shot accidentally or purposely. The burden rested upon appellant to show that the shot was purposely fired by the insured. As the undisputed proof did not show that the shot was intentionally fired by the insured into his body, it became a question of fact for determination by the jury. The test as to when the facts are sufficiently disputed to become an issue for the jury was correctly stated in the case of *Industrial Mutual Indemnity Co.* v. *Watt,* 95 Ark. 456, 130 S. W. 532, and is as follows:

''If reasonable men, viewing the facts, which are undisputed, might come to different conclusions as to whether the deceased committed suicide, then the facts, although undisputed, were properly submitted to the jury.''

No error appearing, the judgment is affirmed.